## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

SHELBY COUNTY, TENNESSEE

     Plaintiff,

v.                                                    Case No. _____

GOVERNOR BILL LEE, in his official
capacity as GOVERNOR OF THE STATE
OF TENNESSEE,

     Defendant.

## VERIFIED COMPLAINT

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS:

Plaintiff Shelby County, Tennessee brings this action for declaratory and injunctive relief, alleging as follows:

### I.    FACTUAL BACKGROUND

1. Shelby County is in the middle of a global pandemic, the likes of which the world has not seen in over a century.

2. The COVID-19 virus is highly infectious and can be transmitted easily from person to person.

3.      When contracted, COVID-19 causes fever, cough, and shortness of breath; the long-term health effects can be severe, including serious damage to the lungs and other internal organs, as well as death.

4.      COVID-19 primarily spreads through airborne particles that accumulate in enclosed spaces with inadequate ventilation, respiratory droplets produced when a person coughs, sneezes, or talks, and occasionally through contact with objects contaminated with the virus. Health care experts believe the use of the masks or face coverings can help prevent the transmission of the disease.

5.      Individuals infected with COVID-19 can spread the disease while asymptomatic and pre-symptomatic.

6.      As of this filing, the Food and Drug Administration has authorized two COVID-19 vaccines for emergency use, and approved one other vaccine for full use. However, none of the three vaccines has been authorized for individuals under the age of twelve (12) years old.

7.      As of August 24, 2021, Tennessee has suffered approximately 809,084 confirmed cases of COVID-19, including approximately 10,675 confirmed deaths.

8.      Approximately 149,570 victims of COVID-19 in Tennessee have been children.

9.      As of this filing, children now make up approximately 36% of Tennessee's reported COVID-19 cases.

10.     As of this filing, over approximately 70% of pediatric ICU beds are now full.

11.     Shelby County has suffered approximately 119,942 COVID-19 cases, including approximately 1,834 deaths.

12.     As of this filing, children under 18 make up approximately 32% of the total active cases in Shelby County, making them the highest of all age groups affected in Shelby County.

13.     On May 26, 2021, the Tennessee General Assembly amended T.C.A. § 68-2-609, further defining the powers of county health officers and empowering those officers to "order . . . [r]ules and regulations as are necessary or appropriate to protect the general health and safety of the county."  Tenn. Code Ann. § 68-2-609(4).

14.     On August 6, 2021, Governor Lee issued Executive Order No. 83 declaring a continuing state of emergency in response to the new, more infectious "Delta Variant" of COVID-19.

15.     On the same day—August 6, 2021—the Shelby County Health Department, consistent with its statutory authority and police powers, issued Amended Health Directive No. 24.

16.     Shelby County's Amended Health Directive No. 24 requires that, unless a valid CDC exception applies, a mask must be worn if "you are two years old or older and you are entering any indoor area of a K – 12 grade school, Pre-K school, or daycare facility in Shelby County on or after August 9, 2021."

17.     Ten days later, on August 16, 2021, Governor Lee issued Executive Order No. 84, ordering that a "student's parent or guardian shall have the right to opt out of any order or requirement for a student in kindergarten through twelfth-grade to wear a face covering at school, on a school bus, or at school functions, by affirmatively notifying in writing the local education agency or personnel at the student's school."

18.    The scientifically-based consensus is that masks are safe, effective, and necessary to protect against the spread of the Delta Variant, especially in schools with children who are too young to be eligible for vaccination. The United States Center for Disease Control's ("CDC") "Guidance for COVID-19 Prevention in K-12 Schools" now recommends "universal indoor masking for all students, staff, teachers, and visitors to K-12 schools, regardless of vaccination status," noting that "protection against exposure remains essential in school settings." Tennessee Department of Health Commissioner Dr. Lisa Piercey has stated that the best tool available to protect unvaccinated students from COVID-19 is for them to wear masks in school.

19.    A mask's primary purpose is to protect those in close proximity to the person wearing it, rather than just the person wearing it. In other words, if two children are in a classroom and are carrying COVID-19, the child wearing a mask is less likely to transmit COVID-19 to others than the child who is not wearing a mask.

20.    On August 25, 2021, Governor Lee said in an interview "if you want to protect your kid from the virus or from quarantine, the best way to do that is to have your kid in school with a mask." https://apnews.com/article/health-coronavirus-pandemic-tennessee-32b7ff0dc540a2b11cc8c736c67020fe. Nonetheless, his Executive Order now prevents Shelby County's Health Department from being able to enforce mask-wearing by children in schools.

21.    The Shelby County Health Department, based on scientific evidence and advice from medical professionals, agrees with Governor Lee and Dr. Piercey that wearing masks is the best tool available to protect children from COVID-19.

22.     However, because of Governor Lee's Executive Order, the Shelby County
Health Department is unable to enforce mask-wearing in schools as to any student
whose parent or guardian for *any* reason chooses to opt their child out of the
requirement. Other children who share hallways, classrooms, buses, and school
facilities with those opted-out students must consequently face a heightened risk of
exposure to COVID-19.

## II.     JURISDICTION AND VENUE

23.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and
28 U.S.C. § 1343(a)(3).

24.     Venue is proper in the United States District Court for the Western District of
Tennessee, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events
or omissions giving rise to the claims occurred and continue to occur in this district.

## III.     PARTIES

25.     Plaintiff Shelby County, Tennessee is a home charter County within the State
of Tennessee. Since 1982, it maintains its own local Health Department, which has
overseen the County's response to COVID-19 since the beginning of the pandemic.

26.     Defendant Bill Lee is the Governor of the State of Tennessee. The Tennessee
Constitution vests the Governor with "the supreme executive power of this state."
Tenn. Const., art. III, § 1. As the Chief Executive for the State of Tennessee, Governor
Lee has a constitutional obligation to "take care that the laws be faithfully executed."
*Id.* As the Chief Executive, Governor Lee has the obligation to ensure that laws be
executed consistent with the mandates of the Tennessee Constitution. Governor Lee

is sued in his official capacity and has an office at State Capitol, 1st Floor, 600 Dr. Martin Luther King, Jr. Blvd., Nashville, Tennessee 37243.

## IV.   CAUSES OF ACTION

**Count I.   Request for Declaratory Judgment under the Substantive Due Process Clause of the U.S. Constitution**

27.   Plaintiff adopts and incorporates all allegations in the preceding paragraphs as if fully set forth herein.

28.   The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. There are two types of substantive due process claims: 1) "deprivations of a particular constitutional guarantee; and 2) actions that 'shock the conscience.' " *Valot v. Se. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997) (citation omitted).

29.   Government conduct shocks the conscience when (among other situations) it "violates the decencies of civilized conduct." *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (citations and internal quotation marks omitted).

30.   "The critical question in determining the appropriate standard of culpability is whether the circumstances allowed the state actors time to fully consider the potential consequences of their conduct." *Guertin v. State*, 912 F.3d 907, 924 (6th Cir. 2019) (citation omitted), *cert. denied sub nom. City of Flint, Michigan v. Guertin*, 140 S. Ct. 933 (2020), *and cert. denied sub nom. Busch v. Guertin*, 140 S. Ct. 933 (2020).

31.   Here, the Governor's Executive Order 84 shocks the conscience. Both the Governor and the State's Health Department acknowledge that masks are the best

available method to protect children from this rampant, deadly disease. And yet, this Executive Order inexplicably bars Shelby County (and every other county) from exercising its authority under T.C.A. § 68-2-609(4) to require universal masking in schools.

32.     The prohibitions of Executive Order 84 force children who are unable to protect themselves, with the vaccines available to adults, to subject themselves to potentially COVID-19-positive students, to suffer fear, uncertainty, illness, and possibly even death, despite medical evidence available to the State that masks are safe and effective.

33.     Plaintiff seeks injunctive relief and a declaratory judgment that the Governor's Executive Order 84 violates the Substantive Due Process Clause of the U.S. Constitution.

**Count II.     Request for Declaratory Judgment under the Education Clause of the Tennessee Constitution**

34.     Plaintiff adopts and incorporates all allegations in the preceding paragraphs as if fully set forth herein.

35.     The Tennessee Constitution places responsibility for public education with the General Assembly:

> The State of Tennessee recognizes the inherent value of education and encourages its support. The General Assembly shall provide for the maintenance, support and eligibility standards of a system of free public schools. The General Assembly may establish and support such postsecondary educational institutions, including public institutions of higher learning, as it determines.

Tenn. Const., art. XI, § 12.

7

36.     Governor Lee's executive order makes the maintenance and support of a system of free public schools impossible. COVID-19's Delta Variant is running rampant through schools, resulting in isolation quarantining of students that will continue and get worse until either the majority of students can be and are vaccinated, or until masking is required uniformly throughout school systems. Enough damage has been done already that it will likely take many months of fighting against the current waves of COVID-19 that have affected children in Shelby County and all of Tennessee before schools can recover, which would cause imminent harm to Plaintiff and its ability to provide for the health, safety, and public education in Shelby County, Tennessee.

37.     Plaintiff seeks injunctive relief and a declaratory judgment that the Governor's Executive Order 84 violates the Education Clause of the Tennessee Constitution and unlawfully interferes with the plaintiff's obligations to provide for the health, safety, and public education to the children of Shelby County.

## Count III.   Request for Declaratory Judgment and/or Federal Preemption under the American Rescue Plan Act of 2021 (ARPA)

38.     Plaintiff adopts and incorporates all allegations in the preceding paragraphs as if fully set forth herein.

39.     The United States Congress enacted the American Rescue Plan Act of 2021 (ARPA) as a legislative response to the COVID-19 pandemic, including allocation of large amounts of funding to local education agencies (LEAs) to implement health and safety protocols for the protection of the health and safety of students, educators, and staff.

40.     Plaintiff is a home charter local government in Tennessee.

41.     Plaintiff is responsible for adopting a budget for its public schools and administering Shelby County Schools through the Shelby County School Board, who is a recipient of Elementary and Secondary School Emergency Relief (ESSER) funds under the ARPA, which it distributes through the County Education Fund to LEAs.

42.     Section 2001(e)(2)(Q) of ARPA gives LEAs authority to use ESSER funds to "[d]evelop[] strategies and implement[] public health protocols including . . . policies in line with guidance from the Centers for Disease Control and Prevention for the reopening and operation of school facilities to effectively maintain the health and safety of students, educators, and other staff."

43.     The United States Department of Education (USDOE)'s interim guidance requires that fund recipients affirmatively represent that they "must describe . . . how [they] will maintain the health and safety of students, educators, and other staff and the extent to which it has adopted policies, and a description of any such policies" on certain safety recommendations established by the CDC, including the "universal and correct wearing of masks." Am. Rescue Plan Act Elementary and Secondary School Emergency Relief Fund, 86 Fed. Reg. 21195, 21200 (April 22, 2021).

44.     Plaintiff, as a recipient of ARPA funds, is required to comply with the United States Department of Education's Final Interim Rule requiring them to affirmatively verify that they have lawfully used the funds in compliance with the aforementioned policies, including the "universal and correct wearing of masks." *Id.*

9

45.     Governor Lee's executive order makes compliance with the rules and regulations of the USDOE impossible. Plaintiff is unable to provide continuity of service under a CDC-compliant health and safety plan as required by the rules and regulations governing the use of ARPA funding and unable to certify its proper use of funds as required by law.

46.     Plaintiff is at risk of suffering serious imminent harm, as it may be required to disgorge all funds previously provided to LEAs with the expectation of reimbursement through ARPA if it fails to comply with the USDOE's rules and regulations, if it were to be required to comply with the Governor's Executive Order 84.

47.     As the USDOE noted in its August 18, 2021 letter to Governor Lee, Executive Order 84 is plainly at odds with the purpose of ARPA and obfuscates the ability for funding recipients to develop and implement the contemplated safety protocols, and is thus expressly preempted by federal law.

48.     Plaintiff seeks injunctive relief and a declaratory judgment that the Governor's Executive Order 84 violates the rules and regulations implemented by the USDOE under the American Rescue Plan Act of 2021, 86 Fed. Reg. 21195, 21200.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shelby County Government respectfully requests that this Court grant the following relief:

A.     Assume jurisdiction of this action;

B.     Exercise supplemental jurisdiction over Plaintiff's state law claim;

C. Declare that Defendant Lee's Executive Order No. 84 is in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution and the Education Clause of the Tennessee Constitution, a violation of the Shelby County Health Department's authority under T.C.A. § 68-2-609(4), a violation of Plaintiff's affirmative obligations under the American Rescue Plan Act of 2021, and is preempted by the American Rescue Plan Act of 2021;

D. Issue a temporary restraining order enjoining Defendant Lee from permitting parents in the schools of Shelby County from opting out of Shelby County's mask mandates;

E. Award Plaintiff its reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

G. Grant such other and further relief as may be just, equitable and proper.

**THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF.**

Respectfully submitted,

By:    SHELBY COUNTY ATTTORNEY'S OFFICE

/s/ E. Lee Whitwell
MARLINEE C. IVERSON (BPR #18591)
SHELBY COUNTY ATTORNEY
E. LEE WHITWELL (BPR #33622)
ASSISTANT COUNTY ATTORNEY
160 North Main Street, Suite 950
Memphis, TN  38103
(901) 222-2100
marlinee.iverson@shelbycountytn.gov
lee.whitwell@shelbycountytn.gov

and

BURCH, PORTER AND JOHNSON, PLLC

NATHAN A. BICKS (BPR #10903)
TANNERA GEORGE GIBSON (BPR #27779)
SARAH E. STUART (BPR #35329)
130 North Court Ave.
Memphis, TN 38103
(901) 524-5152
nbicks@bpjlaw.com
tgibson@bpjlaw.com
sstuart@bpjlaw.com

12

## DECLARATION OF VERIFICATION

**STATE OF TENNESSEE** )
**COUNTY OF SHELBY** )

I, Mayor Lee Harris, in my official capacity for the Shelby County Government, hereby swear under penalty of perjury that I have reviewed the foregoing Complaint and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on information obtained from reliable, evidence-based sources, and I believe them to be true.

_____
Shelby County Government